TWIN CITY CORPORATION, d/b/a TWIN CITY AGENCY *v.* Clifford RIGGINS, d/b/a RIGGINS TRUCKING

82-206                                    646 S.W.2d 10

Supreme Court of Arkansas
Opinion delivered February 21, 1983

*Friday, Eldredge & Clark*, by: *William M. Griffin, III,* for appellant.

*Hankins, Capps, Hicks & Madden*, by: *Harold W. Madden*, for appellee.

GEORGE ROSE SMITH, Justice. The appellee, Riggins Trucking, is a contract carrier that formerly obtained its insurance from the appellant, Twin City Agency, a local agent for various insurance companies. In 1976 one of Riggins's trucks, leased for the trip to Willis Shaw Frozen Express, was in an accident in which Shaw's cargo was destroyed. Riggins's cargo insurance had been placed by Twin City Agency with Northwestern National Insurance Company, but Northwestern denied liability for the loss.

Riggins paid Shaw the amount of the loss, $32,190.84, and sued Twin City for that sum, asserting that Twin City had been negligent in failing to carry out Riggins's instructions to arrange with Northwestern to have Shaw named as an additional insured in the policy. Twin City's liability for negligence was the only issue submitted to the jury, whose verdict was for Riggins in the amount sought. Our jurisdiction of the appeal is under Rule 29 (1) (o).

At the trial all the testimony was directed to the issue of Twin City's asserted negligence, but Twin City moved for a directed verdict on a different ground, that the loss was actually covered by Northwestern's policy. The denial of that motion is the basis for Twin City's principal argument for reversal.

There are at least two reasons why Twin City was not entitled to a directed verdict. First, paragraph 7 of the complaint alleged that after the loss Twin City had told Riggins that the loss was not covered by the policy because Shaw had not been added as a named insured. Paragraph 8 alleged that if Shaw had been added, Riggins would have been liable only for the $500 deductible amount. Twin City's answer specifically admitted the allegations of both paragraphs, but asserted that the request for the added coverage was not timely. Hence the pleadings admitted that Riggins had coverage if the request was timely, and there was proof that it was. An issue of fact was presented.

Second, Mr. Riggins testified that his company was authorized to carry exempt commodities only, which he described as "produce, chickens, and certain things." To carry regulated commodities he had to haul them "through somebody like Willis Shaw." That was evidently the arrangement at the time of the accident, for there was proof that Shaw issued the bill of lading and that the cargo was frozen foods owned by Stouffer Foods Corporation. The policy, however, was evidently limited to exempt commodities, for it covered Riggins's liability only for the loss of "lawful goods and merchandise consisting principally of poultry, produce, candy, boxed meat, janitorial supplies, patented medicine." Hence it cannot be said as a matter of

law that Riggins had any insurance protection in excess of $500 for the loss suffered. The motion for a directed verdict was correctly denied.

Twin City's other two arguments fail, for essentially the same reason. Since the court's action in refusing to direct a verdict was correct, it is immaterial that a wrong reason may have been given. *Carolus* v. *Ark. Light & Power Co.*, 164 Ark. 507, 262 S.W. 330 (1924). On the same point, when the trial judge refused to direct a verdict at the close of the plaintiff's case, he also denied defense counsel's request that he be permitted to argue the matter of coverage to the jury. That ruling was right, because, as we have seen, under the pleadings and testimony the existence of coverage turned upon the timeliness of Riggins's request and Twin City's possible negligence in honoring it. Counsel were free to argue those issues.

Affirmed.